# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY JACK RUSSELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. CIV 15-218-RAW-KEW ) |
| JASON BRYANT, Warden, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a pro se inmate currently incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, challenges his conviction for Child Abuse by Injury in Pittsburg County District Court Case No. CF-2012-175. He raises the following claims:

    I.     Insufficient evidence.

    II.    Prosecutorial misconduct.

    III.   Ineffective assistance of trial counsel.

    IV.   Prosecutorial misconduct (additional claims).

    V.    Ineffective assistance of appellate counsel.

The respondent has moved for dismissal of this action for Petitioner's failure to exhaust the state court remedies for his claims (Dkt. 7). Petitioner has filed a motion to excuse exhaustion or for a stay and abeyance (Dkt. 8), and the respondent has responded to the motion (Dkt. 9).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that Petitioner filed a direct appeal of his conviction to the Oklahoma Court of Criminal Appeals (OCCA), and the conviction was affirmed on January 27, 2014 (Dkt. 7-3). He filed an application for post-conviction relief in the trial court on December 17, 2014 (Dkt. 7-4 at 5),[1] and the application was denied on March 20, 2015 (Dkt. 7-5). Petitioner attempted to appeal the denial of his post-conviction application to the OCCA, but the OCCA declined jurisdiction, because he failed to timely file the Petition in Error in accordance with Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*,

---

[1] The respondent's motion alleges the post-conviction application was filed on September 11, 2014, but the docket sheet for Case No. CF-2012-175 indicates the application was filed on December 17, 2014.

Title 22, Ch. 18, App. (2015). *Russell v. Oklahoma*, No. PC-2015-383 (Okla. Crim. App. May 6, 2015). (Dkt. 7-6 at 3).[2] In its Order Declining Jurisdiction, the OCCA set forth the proper procedure for requesting a post-conviction appeal out of time. *Id*.

Petitioner raises five grounds for relief in his habeas petition. Grounds I and II were raised in his direct appeal, and Grounds III, IV, and V initially were raised in his post-conviction application and denied by the district court. He attempted to appeal the denial of his post-conviction application, but he failed to comply with the OCCA's rules. Because the OCCA declined jurisdiction, Grounds III, IV, and V have not been presented to the OCCA and are unexhausted.

Petitioner may seek a post-conviction appeal out of time in an application for post-conviction relief filed in the trial court. Okla. Stat. tit. 22, § 1080; Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2015). If the appeal out of time is granted, he may perfect his post-conviction appeal to the OCCA to exhaust his state court remedies and then may file another federal habeas corpus petition.

If the application for a post-conviction appeal out of time is denied by the trial court, Petitioner may appeal to the OCCA. If the denial is affirmed by the OCCA, he then may present his claims in a habeas petition.

Petitioner alleges in his motion to excuse exhaustion, or for stay and abeyance, that he did not receive the March 20, 2015, denial of his post-conviction application until March 24, 2015, and the order was not certified. On March 25, 2015, he sent a handwritten notice

---

[2] The respondent notes that the OCCA's Order Declining Jurisdiction contains typographical errors. The Order indicates Petitioner's post-conviction application was denied on March 23, 2015, when it actually was denied on March 20, 2015. Pursuant to Rule 5.2(C)(2), Petitioner's Petition in Error was due thirty (30) days later on April 20, 2015.

3

of intent to appeal to the district court, requesting a certified copy of the post-conviction denial order. The record shows that the order was not certified until March 31, 2015 (Dkt. 7-5 at 2).

Petitioner claims that on April 15, 2015, he went to mail his Petition in Error and brief in support to the OCCA, but the law library was closed without advance warning. He returned to the law library on April 16, 2015, mailed the Petition in Error, and asked the supervisor to call the OCCA to advise the court that the Petition in Error could be late. The supervisor, however, would not make the call. Petitioner alleges the circumstances of the closed law library and the supervisor's refusal to call the OCCA resulted in a state-created impediment to his access to the courts.

After the OCCA declined jurisdiction of his Petition in Error, Petitioner filed a motion for reconsideration with the OCCA, alleging his Petition in Error was timely (Dkt. 8 at 15-16). He claimed the Petition in Error was attached to his affidavit *in forma pauperis* that was mailed on April 16, 2015. Because the receipt for his post-conviction initial filing was dated April 22, 2015, the motion for reconsideration was timely received by the due date of April 22, 2015 (Dkt. 8 at 17-18). The OCCA returned the motion for reconsideration with a copy of Rule 5.5 which states that "[a] petition for rehearing is not allowed and these issues may not be raised in any subsequent proceeding in a court of this State. The Clerk of Court shall return to the movant any petitions for rehearing tendered for filing." (Dkt. 8 at 22).

Petitioner requests this court to excuse the exhaustion requirement, because he contends there is an absence of available state corrective process, and it would be futile to attempt a post-conviction appeal out of time. In the alternative, he asks for a stay and abeyance to pursue an appeal out of time, so that a subsequent habeas petition would not be

4

untimely under 28 U.S.C. § 2244(d).

The respondent alleges Petitioner cannot demonstrate that his circumstances satisfy the requirements for a stay and abeyance. He attempted to move the OCCA to reconsider its determination that it lacked jurisdiction to address his appeal, but that is not the proper procedure to obtain an appeal out of time of the denial of his post-conviction application. The OCCA set forth the proper procedure in its Order Declining Jurisdiction, and Petitioner admits he has not pursued that available state remedy. The respondent further alleges Petitioner has not shown that his unexhausted claims have any merit.

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all his claims in state court before bringing the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner's meeting the one-year filing requirement of 28 U.S.C. § 2244(d), and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies). The second option is to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the petitioner. *See* 28 U.S.C. § 2254(b)(2).

After careful review, the court finds a stay and abeyance is not warranted, because Petitioner has not shown good cause for his failure to exhaust Grounds III, IV, and V through an application for post-conviction relief in the trial court, seeking an appeal out of time of

5

the denial of his post-conviction application. The court further finds Petitioner has not shown good cause for his failure to pursue his state court remedies.

Therefore, Petitioner's options for proceeding with this action are to (1) dismiss the action without prejudice in its entirety with the understanding that a second habeas petition could be barred by the statute of limitations, (2) dismiss the unexhausted claims and continue with the exhausted claims, or (3) continue this case with all claims, with the knowledge that the court will dismiss this action for failure to exhaust all state court remedies.

Petitioner is granted twenty-one (21) days to advise the court of the direction he intends to follow by filing one of the following: (1) a motion to dismiss this action in its entirety without prejudice, (2) a motion to dismiss the unexhausted claims, or (3) a notice that he intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed by the court will result in dismissal of this entire action.

**ACCORDINGLY,** the respondent's motion to dismiss (Dkt. 7) and Petitioner's motion to excuse exhaustion or for stay and abeyance (Dkt. 8) are DENIED. Petitioner is directed to advise the court of his intentions for proceeding in this case within twenty-one (21) days by filing an appropriate pleading as set forth above. The respondent is directed to file a response or appropriate motion within thirty (30) days of Petitioner's response to this Opinion and Order.

**IT IS SO ORDERED** this 15th day of March 2016.

**Dated this 15th day of March, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

6